**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

MARCEL JEROME,

Plaintiff,                                                       Case No.: 0:22-cv-61115-RS

v.

TRANSWORLD SYSTEMS INC.,

Defendant.
_____/

**DEFENDANT, TRANSWORLD SYSTEMS INC.'S, ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Transworld Systems Inc. (TSI), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Marcel Jerome (plaintiff), and states:

**JURISDICTION AND VENUE**

1. TSI denies the allegations in ¶ 1 as calling for a legal conclusion.

2. TSI denies the allegations in ¶ 2 as calling for a legal conclusion.

3. TSI denies the allegations in ¶ 3.

4. TSI denies the allegations in ¶ 4 as calling for a legal conclusion.

**PARTIES**

5. Upon information and belief, TSI admits the allegations in ¶ 5.

6. TSI admits it has a place of business in Fort Washington, Pennsylvania. Except as specifically admitted, TSI denies the allegations in ¶ 6.

**DEMAND FOR JURY TRIAL**

7. TSI admits plaintiff purports to demand a jury trial, but denies any violations, liability, and wrongdoing under the law. Except as specifically admitted, TSI denies the allegations in ¶ 7.

## ALLEGATIONS

8. TSI denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9. TSI denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10. TSI denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11. TSI denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12. TSI denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.

13. TSI denies the allegations in ¶ 13.

14. TSI denies the allegations in ¶ 14.

15. TSI denies the allegations in ¶ 15.

16. TSI admits an account in plaintiff's name was placed with it for collection. Except as specifically admitted, TSI denies the allegations in ¶ 16.

17. TSI admits an account in plaintiff's name was placed with it for collection. Except as specifically admitted, TSI denies the allegations in ¶ 17.

18. TSI denies the allegations in ¶ 18.

19. TSI admits part of its business is the collection of consumer debts. Except as specifically admitted, TSI denies the allegations in ¶ 19.

20. TSI admits part of its business is the collection of debts owed to others. Except as specifically admitted, TSI denies the allegations in ¶ 20.

21. TSI admits the allegations in ¶ 21.

22. TSI admits the allegations in ¶ 22.

23. TSI admits the allegations in ¶ 23.

24. TSI admits the allegations in ¶ 24.

25. TSI denies the allegations in ¶ 25 as calling for a legal conclusion.

26. Rule 69V-180.080 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 26 state otherwise, denied.

27. Rule 69V-180.080 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 27 state otherwise, denied.

28. Exhibit A speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 28 state otherwise, denied.

29. Exhibit A speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 29 state otherwise, denied.

30. TSI denies the allegations in ¶ 30.

31. TSI denies the allegations in ¶ 31.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

32. TSI reasserts the foregoing as if fully stated herein.

33. Fla Stat. § 440.13 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 33 state otherwise, denied.

34. Fla Stat. § 440.13 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 34 state otherwise, denied.

35. TSI denies the allegations in ¶ 35 as calling for a legal conclusion.

36. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 36 state otherwise, denied.

37. TSI denies the allegations in ¶ 37.

38. TSI denies the allegations in ¶ 38.

39. TSI denies the allegations in ¶ 39.

40. TSI denies the allegations in ¶ 40.

41. TSI denies the allegations in ¶ 41, including subparts (a)-(c).

## TSI'S AFFIRMATIVE DEFENSES

1. Upon information and belief, this Court lacks jurisdiction due to the presence of mandatory binding arbitration in the account agreement.

2. Pursuant to 15 U.S.C. § 1692k(c), to the extent any violations are established, any such violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error, including policies and procedures implemented to prevent the collection of debts not owed and for investigating and responding to consumer disputes.

3. TSI denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of TSI's purported violations.

4. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

5. Assuming that plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

6. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than TSI and were beyond the control or supervision of TSI or for whom TSI was and is not responsible or liable.

7. Plaintiff has failed to state a claim against TSI upon which relief may be granted.

WHEREFORE, Defendant, Transworld Systems Inc., requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Rachel M. Fleishman*
Rachel M. Fleishman, Esq.
Florida Bar No. 1026438
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, ISRAEL & SHARTLE, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 775-2170
Facsimile: (877) 334-0661
rfleishman@sessions.legal
dvanhoose@sessions.legal
*Counsel for Defendant,*
*Transworld Systems Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 16th day of June 2022, a copy of the foregoing was filed electronically via CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.

Thomas Patti, Esq.
Victor Zabaleta, Esq.
PATTI ZABALETA LAW GROUP
3323 Northwest 55th Street
Fort Lauderdale, Florida 33309
Tom@pzlg.legal
Victor@pzlg.legal

Paul A. Herman, Esq.
CONSUMER ADVOCATES LAW GROUP, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
paul@consumeradvocatelaw.com

Joel A. Brown, Esq.
FRIEDMAN & BROWN, LLC
3323 NW 55th Street
Fort Lauderdale, Florida 33309
joel.brown@friedmanandbrown.com

*/s/ Rachel M. Fleishman*
Attorney